UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELLIS SUMMERLIN, et al,**

    **Plaintiffs,**

**v.**                             **CASE NO.  4:17-cv-00434-RH-CAS**

**EDDIE JOE WHITE, et al,**

    **Defendants.**

                                    /

**PLAINTIFF'S SECOND SUPPLEMENTAL STATEMENT
OF COMPLIANCE WITH RULE 26**
**(witnesses added and highlighted)**

Plaintiffs, **ELLIS SUMMERLIN, KAREN SUMMERLIN**, and **BARBARA BASKINS** make the following disclosures in accordance with Rule 26(a)(1)(A)(i-iii) and 26(a)(1)(C), Federal Rules of Civil Procedure:

**A.**    **Rule 26(a)(1)(A)(i),Federal Rules of Civil Procedure, requires disclosure of the name and, if known, the address and telephone number of each individual likely to have discoverable information relative to the disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. Plaintiffs have conducted the reasonable inquiry required under Rule 26(g), and, to the best of the Plaintiffs' knowledge, information and belief, the disclosure is complete and correct as of the time that it is made. Plaintiffs, however, reserve the right to supplement this list upon discovery of additional information which may be relevant to this action:**

    1.    Plaintiffs

2. All persons identified by Defendant in its Rule 26 disclosures. Plaintiffs rely on the information provided by Defendant in its rule 26 disclosures as to the knowledge of each such witness about claims and defenses. Plaintiffs will supplement this report if needed after depositions and additional information is gathered.

3. All persons identified by Defendant and Plaintiffs in any answers to any interrogatories. Plaintiffs rely on the information provided by Defendant about the role and relevant knowledge held by each witness and will supplement this response if and when additional information is obtained.

4. All persons noticed and/or deposed during discovery. Plaintiffs list this category of potential witnesses in an abundance of caution. To Plaintiffs' knowledge no one has yet been noticed for deposition. Plaintiffs anticipate that witnesses on Defendant's Rule 26 disclosure, as well as the Plaintiffs', will be deposed. At this point, Plaintiffs rely on Defendant's Rule 26 disclosure.

5. All records custodians of any and all records Plaintiffs seek to introduce as evidence at trial. Plaintiffs list this category in an abundance of caution. Plaintiffs anticipate that the parties will cooperate in authenticating documents and that records custodians will not be necessary. However, in the event they are, Plaintiffs will call records custodians as to any and every document produced during this case whether from the parties or third parties, as needed to authenticate documents that are not otherwise stipulated as authentic by the parties.

6. One or more of Plaintiffs' family members and personal friends, having knowledge of emotional damages occasioned to Plaintiffs by Defendant's activities as follows, as well as the work ethic and character of Plaintiffs:

   **Stanley Griffith**, Plaintiff Ellis Summerlin's Uncle - (850) 447-2350; has knowledge of Plaintiffs' emotional distress; may have knowledge of other claims and defenses in this matter.

**Shelly Zuniga**, Plaintiff Karen Summerlin's Friend - (850)643-4134; has knowledge of Plaintiff's emotional distress; may have knowledge of other claims and defenses in this matter.

**Gene Barnhill**, Plaintiff Karen Summerlin's Friend - (850) 447-2145; has knowledge of Plaintiff's emotional distress; may have knowledge of other claims and defenses in this matter.

7. The following doctors may have knowledge and opinions they have regarding treatment of the Plaintiffs:

   Plaintiffs are still in the process of gathering this information together and will provide it in a supplement at a later date.

8. The following current and former employees of Defendant may have knowledge of Plaintiffs' work performance and/or knowledge of Defendant's discrimination against Plaintiffs:

   **ALL PLAINTIFFS:**

   **Jody Barfield**, Bail Bondsman - (850) 639-2663; Has knowledge of providing bail for Plaintiff Ellis Summerlin who was abused and injured by Defendant's police officers and falsely arrested on charges that were later dropped; may have knowledge of other claims and defenses in this matter.

   **Joshua Biggs** c/o Defendant - Has knowledge of forcing his way into Plaintiff's (Karen and Ellis Summerlin) home on September 27, 2013 brandishing a rifle and using that rifle to injure Plaintiff, Ellis Summerlin; has knowledge of going into the bedroom of Plaintiff's (Karen and Ellis Summerlin) 4-year old child, pointing a gun at the child and yelling "who else is in the fucking house?"  Has knowledge of threatening Plaintiff Karen Summerlin with his taser when she expressed her concern about his pointing a gun at her child; has knowledge of handcuffing and arresting Ellis Summerlin on charges that were later dismissed; has knowledge of asking Plaintiffs, Karen and Ellis Summerlin, about the location of "marked money" repeatedly stating "we want our money" which Plaintiffs

repeatedly stated they did not have; may have knowledge of other claims and defenses in this matter.

**Kayla Brown**, Wife of Van Brown, Plaintiff's Cousin - Address Unknown; Has knowledge of Plaintiff Ellis Summerlin being a passenger in her vehicle when she stopped for gas at an Exxon station on September 30, 2013; has knowledge of Ellis Summerlin exiting her vehicle at the gas station and being approached by Captain John Summers who threatened Ellis Summerlin with a raised flashlight in his hand; may have knowledge of other claims and defenses in this matter.

**Van Brown**, Plaintiff Ellis Summerlin's Cousin - may have knowledge of officers searching for him with regard to a mojo distribution sting operation; may have knowledge of other claims and defenses in this matter.

**Jerry Carpenter** - Central Street, Blountstown, FL; Has knowledge of being present when Plaintiff Baskins' home caught fire; has knowledge of witnessing two police officers watching the fire; has knowledge of calling the fire department and then witnessing the officers radio it in; may have knowledge of other claims and defenses in this matter.

**Marie Cogland**, Family Friend who resides in New York; has knowledge of getting Plaintiff's son out of bed when Plaintiff's house was raided by the police; may have knowledge of other claims and defenses in this matter.

**James Faircloth**, Inmate at Calhoun County Jail; has knowledge of calling Karen Summerlin when her mother's house was on fire; has knowledge of being on scene at the house fire prior to the deputies arrival; has knowledge that the deputies stood out at the road next to Plaintiff's trash cans during the house fire; may have knowledge of other claims and defenses in this matter.

**Jonathan Gentry** c/o Defendant - Has knowledge of visiting Subway on September 27, 2013 with Officer Revell knowing that Plaintiff Karen Summerlin worked there; has knowledge that he and Revell spoke with Summerlin's supervisor with the full

4

intention of getting Summerlin demoted or terminated; has knowledge that Summerlin was terminated that day as a result of their visit; has knowledge of the burning of Plaintiff Baskins' home and may have participated in causing the fire; has knowledge of being in the vicinity of Baskins' home when the fire started; has knowledge that the fire began in a very suspicious way and was never investigated by the fire marshal; may have knowledge of other claims and defenses in this matter.

**Stanley Griffith**, Plaintiff Ellis Summerlin's Uncle - Address Unknown, (850) 447-2350; Has knowledge of contacting Kelli Peacock, a reporter at the County Record, regarding the Defendant's harassment of Plaintiffs; has knowledge of Ms. Peacock starting an investigation into Plaintiffs' allegations; has knowledge of also reporting Plaintiffs' harassment to Florida Congressman, Halsey Beshears; may have knowledge of other claims and defenses in this matter.

**Dale Hobby**, Bristol Fire Chief c/o Defendant - Has knowledge of being at the scene of the house fire when Barbara Baskins' home burned to the ground; has knowledge that he never got out of his truck to investigate the cause of the fire; may have knowledge of other claims and defenses in this matter.

**Buddy Money**, Former Sheriff of Liberty County c/o Defendant - Has knowledge of speaking with Plaintiffs Karen and Ellis Summerlin on September 30, 2013 about the ongoing harassment they were experiencing from Sheriff White and his deputies; has knowledge of speaking with Florida House of Representatives member Halsey Beshears about Plaintiffs' complaints of harassment from Defendants; may have knowledge of other claims and defenses in this matter.

**Tim Partridge**, Deputy c/o Defendant - Has knowledge of being present with Officers Taylor and Biggs when they forced their way into the Summerlin home on September 27, 2013; has knowledge of being present when Plaintiff Ellis Summerlin was injured; has knowledge of being present when Joshua Biggs pointed a gun at the Summerlin's 4-year old child and yelled

"who else is in the fucking house?"  Has knowledge of Plaintiff Ellis Summerlin's arrest that day; may have knowledge of other claims and defenses in this matter.

**Kelli Peacock**, Reporter for the County Record - Address Unknown; Has knowledge of speaking with Stanley Griffith about the harassment Plaintiffs were being subjected to by the Defendants; has knowledge of starting an investigation into these allegations made by Plaintiffs; has knowledge of that once she began making inquiries, the Defendant Sheriff stopped providing jail logs to the County Record; may have knowledge of other claims and defenses in this matter.

**Tara Michelle Read**, Pea Ridge Estates Rd., Bristol, FL- knowledge that Ellis Summerlin was at her home on 9/27/13 from 10 a.m. to 4 p.m. and he did not have black eyes, bruises or abrasions on his face or body.

**Oren Revell**, Brother of Robert Revell - Address Unknown; Has knowledge of working for Talquin Electric and being in charge of disconnecting utilities to customers; has knowledge of disconnecting the electricity and other utilities to Plaintiff Ellis Summerlin and Karen Summerlin's home; may have knowledge of other claims and defenses in this matter.

**Robert Revell** c/o Defendant - Has knowledge of returning to the Summerlin's home on September 28, 2013 demanding that the Summerlins return a folder containing the search warrant that had been left in the home by Officers the previous day; has knowledge of Officer Taylor threatening the Summerlin Plaintiffs with calling DCF when they failed to return the search warrant to the officers; has knowledge of visiting Plaintiff Karen Summerlin's workplace at Subway with Officer Gentry and speaking with Summerlin's supervisor fully intending to cause Karen Summerlin's demotion or termination; has knowledge of being close to the scene of the fire that burned Plaintiff Barbara Baskins' home to the ground; has knowledge of entering the Baskins home just prior to when the fire started and having no justifiable reason to be there; may have knowledge of other claims and defenses in this matter.

6

**Jarrod Taylor** c/o Defendant - Has knowledge of forcing his way into Plaintiffs' (Karen and Ellis Summerlin) home on September 27, 2013 brandishing a rifle and using that rifle to injure Plaintiff, Ellis Summerlin; has knowledge of arresting Plaintiff Ellis Summerlin on charges that were later dropped; has knowledge of returning to the Summerlin home on September 28, 2013 looking for a folder containing the search warrant from the night before; has knowledge that when Plaintiff told him she did not have the folder, he responded with "no folder, no harassment charges, and DCF will be called." Has knowledge of also threatening to violate Plaintiff Karen Summerlin's probation if she didn't return the folder to him; has knowledge of participating in the disconnection of Plaintiff's electricity and other utilities through Talquin Electric and alerting DCF to the shut-off; may have knowledge of other claims and defenses in this matter.

**Bradley Whitfield-** Bristol, FL- knowledge that Ellis Summerlin was at the Read home on 9/27/13 from 10 a.m. to 4 p.m. and he did not have black eyes, bruises or abrasions on his face or body.

**Jennifer Williams** - Address Unknown; Has knowledge of being present when Plaintiff Baskins' home caught fire; has knowledge of witnessing two police officers just watching the fire; has knowledge of calling the fire department and then witnessing the officers radio it in; may have knowledge of other claims and defenses in this matter.

**B. Rule 26(a)(1)(A)(ii), Federal Rules of Civil Procedure, requires disclosure of a copy or a description by category and location of, all documents, data, compilations, and tangible things in the possession, custody or control of the party that are relevant to the disputed facts alleged with particularity in the pleadings. Plaintiff reserves the right to supplement this list as additional information becomes available. Plaintiff has performed a good faith examination of the pleadings and of all documents in Plaintiff's possession and makes the following disclosure of documents that may be relevant:**

7

1. Plaintiffs' pictures of injuries to Ellis Summerlin's face that happened as a result of Defendant's actions on September 27, 2013

**C.   Rule 26(a)(1)(A)(iii), Federal Rules of Civil Procedure, requires a computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered. Plaintiff, to the extent that these documents are available, identifies the following:**

1. Plaintiff claims lost wages and other tangible damages. The following are estimates of Plaintiff's damages based upon the information he is aware of and can recall at this time:

   ### PLAINTIFF KAREN SUMMERLIN:

   Plaintiff was terminated from her job at Subway on September 28, 2013 as a result of actions caused by Officer Revell and Officer Gentry. Plaintiff was earning weekly wages of approximately **$200.00** per week when she worked at Subway. From September 28, 2013 until May 8, 2016, a period of approximately 136 weeks, Plaintiff did not work or earn any money. **$200.00** for 136 weeks is approximately **$27,200.00** Plaintiff suffered in lost wages during this time period. As a result of the house fire which consumed the home of Plaintiff Barbara Baskins, Plaintiff lost personal belongings that were in the home at the time and her children lost personal belongings. The estimated value of those belongings has not yet been determined but will be provided in a supplement at a later time.

   As of this date, January 8, 2018, Plaintiff estimates her damages at approximately **$27,200.00**.

### PLAINTIFF ELLIS SUMMERLIN:

Plaintiff was falsely arrested on September 27, 2013 and suffered injuries as a result of the abuse of Officers Taylor and Biggs on September 27, 2013. Plaintiff's medical bills will be provided in a supplement at a later date. To gain Plaintiff's release from jail, the bail bondsman was given **$1,200.00** in cash and a houseboat (value undetermined at this time) as bail money. Once the value of the houseboat is determined, Plaintiff will update his damages and provide that information in a supplement at a later date.

### PLAINTIFF BARBARA BASKINS:

Plaintiff's home burned to the ground on or about October 10, 2013 under suspicious circumstances. Plaintiff firmly believes the fire was a direct result of actions caused by the Defendants. Plaintiff lost everything in her home including the structure itself. Plaintiff Baskins and her daughter Plaintiff Karen Summerlin are currently in the process of gathering information together to produce an inventory of all items lost in the fire as a result of Defendant's actions. Those damages will be provided in a supplement at a later date.

2. Plaintiffs are also entitled to damages relating to mental anguish, emotional distress, depression, anger, escalated levels of stress, feelings of helplessness, embarrassment, humiliation, loss of capacity for the enjoyment of life, and illness. It is not Plaintiffs' counsel's practice to ask the jury for a set financial award for intangible damages. Instead, it is Plaintiffs' counsel's practice to ask the jury to award an amount of money for emotional pain and suffering that will fairly compensate the Plaintiffs for the mental pain and suffering endured as a result of the unlawful acts of Defendant.

   Plaintiffs submit that the decision how much to award for these damages belongs to the jury and to the jury alone. Plaintiffs further submit that on a practical level, a forced statement of emotional pain and suffering damages, as here, is pernicious. Appearing as it must in a court paper, it is subject

to Rule 11 and, therefore, in light of the above authorities and common sense, the number given is necessarily not based on any specific calculation or formula.

Plaintiffs also claim entitlement to attorneys' fees and costs in this matter.

3. Lost pay increases and bonuses, as may be applicable.

4. Punitive Damages, amount sought will be the maximum allowed by law and the facts of the case.

5. Injunctive relief and other equitable relief as allowed by law.

6. Reinstatement of Plaintiffs' position, pay, fringe benefits, and tenure.

7. Plaintiffs also seek to recover front pay and back pay, as may be applicable.

8. Other damages may be made known to Plaintiffs during the course of this action.

**D. Rule 26(a)(1)(A)(iv), Federal Rules of Civil Procedure, requires disclosure of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs have no such insurance policy but reasonably believe that a policy of insurance covers Defendant's actions in this case.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
marie@mattoxlaw.com
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served by email this 23rd day of May, 2018 to:

MATTHEW J. CARSON, ESQ.
MJC@jollylaw.com
JOLLY, PETERSON &
   TRUCKENBROD, P.A.
Post Office Box 37400
Tallahassee, Florida   32315

ATTORNEY FOR DEFENDANT


 /s/   Marie A. Mattox
Marie A. Mattox